ADR
E-filing

HRL

Filed

#5
Paid
NS

JUL - 6 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

1   Cindy C. Miller
    P.O. Box 3094
2   San Ramon, CA 94583
    Telephone:   (925) 381-3092
3   Email:  corvz513@yahoo.com

4   Plaintiff In Pro Se
    Attorney In Fact for
5   Plaintiff SHANE D. MILLER

6

7                UNITED STATES DISTRICT COURT

8               NORTHERN DISTRICT OF CALIFORNIA

9

10  CINDY C. MILLER, Individually, and        Case No.
    SHANE D. MILLER, by and through his
11  Attorney In Fact, Cindy C. Miller,
                                               CV 15 3113
12             Plaintiffs,
                                               COMPLAINT                    HRL
13             vs.

14  COUNTY OF SANTA CLARA; SANTA
    CLARA COUNTY SHERIFF'S               DEMAND FOR JURY TRIAL
15  DEPARTMENT; SANTA CLARA
    COUNTY JAIL; SANTA CLARA
16  VALLEY MEDICAL CENTER; DR.
    ALEX CHYORNY in his individual and
17  official capacity as Adult Custody Health
    Services Physician; SANTA CLARA
18  COUNTY COUNSEL CHERYL A.
    STEVENS in her individual and official
19  capacity as county counsel; SHERIFF
    LAURIE SMITH in her individual and
20  official capacity of Sheriff of the County
    of Santa Clara; SERGENTS MATTHEW
21  TRACY , J. JENSEN and  DURAN in
    their individual and official capacity of jail
22  personnel at the Santa Clara County Jail;
    DEPUTY/OFFICERS J. CHACON,
23  TEJEDA, ANTHONY DIAZ, T.
    GONZALES, EUGENE TOBOLA,
24  VASQUEZ, TEMPRA, PEARCE,
    CHETCUTI, DIAS and MADRIZ in their
25  individual and official capacity of jail
    personnel at the Santa Clara County Jail;
26  and DOES 1-100, INCLUSIVE ,

27             Defendants.

28

─────────────────────────────────────────
                    COMPLAINT

## JURISDICTION AND VENUE

1.     This action seeks monetary damages and injunctive relief for violations of the civil rights, privileges and immunities guaranteed under the Eighth and Fourteenth Amendments to the Constitution of the United States of America and Title 42 U.S.C. §1983.  In addition, Plaintiffs bring this action under the Americans with Disability Act, 42 U.S.C. §12101, *et seq.* ("ADA"), Section 504 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C. §794 and the Unruh Civil Rights Act, Cal. Civ. Code §§51, *et seq.* and 52, *et seq.*

2.     Jurisdiction is founded on 28 U.S.C. §§1331 and 1343(1), (2), (3), (4) and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke the pendent jurisdiction of this Court to consider claims arising under state law under 28 U.S.C. §1367.

3.     Venue is proper under 28 U.S.C. §1391(b) because the event giving rise to this Complaint occurred in this district.

## PARTIES

4.     Plaintiffs CINDY C. MILLER and SHANE D. MILLER are citizens of the United States of America and citizens and residents of the State of California.  CINDY C. MILLER is SHANE D. MILLER's mother and has been granted power of attorney for all matters by SHANE D. MILLER.

5.     Defendant COUNTY OF SANTA CLARA is a municipal corporation and is a political subdivision of the State of California.

6.     Defendants SANTA CLARA COUNTY SHERIFF'S DEPARTMENT and SANTA CLARA COUNTY JAIL are agencies and part of the COUNTY OF SANTA CLARA, and at all times relevant hereto was run by policy approved by the Defendant SHERIFF LAURIE SMITH.

7.     Defendant SANTA CLARA VALLEY MEDICAL CENTER is an agency and part of the COUNTY OF SANTA CLARA and at all times relevant hereto was run by policy approved by the COUNTY OF SANTA CLARA.

8.     Defendant DR. ALEX CHYORNY  is and was at all times relevant to this Complaint an Adult Custody Health Services Physician, providing medical services to prisoners

2

1    of the SANTA CLARA COUNTY JAIL at Defendant SANTA CLARA VALLEY MEDICAL

2    CENTER by policy approved by the Defendant COUNTY OF SANTA CLARA and under the

3    direction of Defendant SHERIFF LAURIE SMITH.  He is responsible for medical care and

4    treatment to prisoners at defendant SANTA CLARA COUNTY JAIL. He is sued individually and

5    in his official capacity.

6         9.    Defendant SHERIFF LAURIE SMITH is and was at all times relevant to this

7    Complaint Sheriff of Santa Clara County, California. As such, she was the commanding officer

8    and was responsible for the training, supervision, and conduct of the officers and employees of

9    Defendants SANTA CLARA COUNTY SHERIFF'S DEPARTMENT and SANTA CLARA

10    COUNTY JAIL.  She was and is also responsible by law for enforcing the regulations of

11    Defendants SANTA CLARA COUNTY SHERIFF'S DEPARTMENT and SANTA CLARA

12    COUNTY JAIL and for insuring that Jail Correctional Officers and employees and agents obey

13    the laws of the State of California and the United States.  She is sued individually and in her

14    official capacity.

15         10.    Defendant COUNTY COUNSEL CHERYL A. STEVENS is and was at all times

16    relevant to this Complaint a county counsel of Santa Clara County, California. As such, she was

17    and is responsible by law for enforcing the laws and regulations of Defendant SANTA CLARA

18    COUNTY and the laws of the State of California and the United States.

19         11.    Defendants SGT. MATTHEW TRACY, SGT. J. JENSEN, SGT. DURAN,

20    DEPUTY/OFFICERS J. CHACON, TEJEDA, ANTHONY DIAZ, T. GONZALES, EUGENE

21    TOBOLA, VASQUEZ, TEMPRA, PEARCE, CHETCUTI, DIAS and MADRIZ were, at all

22    relevant times, Jail Correctional Deputies or Officers of Defendant SANTA CLARA COUNTY

23    JAIL, responsible by law to obey the regulations of Defendants SANTA CLARA COUNTY

24    SHERIFF'S DEPARTMENT and SANTA CLARA COUNTY JAIL and the laws of the State of

25    California and the United States.  These Defendants are sued individually and in their official

26    capacity.

27         12.    At all times relevant hereto and in all their actions described herein, all of the

28    Defendants were acting under color of law and pursuant to their respective authorities as sheriff,

3

1   county counsel, deputies, correctional officers and jail medical personnel.

2       13.   The true names and capacities, whether individual, corporate, associate or

3   otherwise of the Defendants herein designated as DOES 1 through 100, inclusive, are unknown to

4   Plaintiffs who, therefore, sue said Defendants by such fictitious names. Plaintiffs allege that each

5   named Defendant herein designated as DOE is negligently, intentionally, recklessly wantonly,

6   contractually or otherwise legally responsible for the events and happenings herein referred to and

7   proximately caused injury and damages thereby to Plaintiffs, as herein alleged. Plaintiffs will ask

8   leave of the Court to amend this Complaint to insert the true names and capacities of such

9   Defendants when same have been ascertained and will further ask leave to join said Defendants in

10   these proceedings.

11       14.  Plaintiffs demand a trial by jury.

12               **FACTUAL ALLEGATIONS**

13       15.   Plaintiff SHANE D. MILLER ("MILLER") has grand-mal, tonic-clonic epilepsy

14   which is a serious neurological disorder recognized as a disability under the Americans with

15   Disabilities Act ("ADA"). MILLER was diagnosed with grand-mal, tonic-clonic epilepsy by

16   neurologist Dr. Lawrence Grace of St. Johns Hospital in Oxnard, California on February 13,

17   1978. MILLER has been awaiting trial in the SANTA CLARA COUNTY JAIL since September

18   22, 2013.

19       16.   On March 26, 2014 and while incarcerated in SANTA CLARA COUNTY JAIL,

20   MILLER suffered a tonic-clonic seizure. He awakened to find himself on the floor of his cell

21   with a contusion on his head and an injury to his forearm.

22       17.   On March 28, 2014, MILLER was transported to SANTA CLARA VALLEY

23   MEDICAL CENTER where a limited neurological exam revealed MILLER was confused and

24   lacked sensation, including to pain, at his lower left extremity. A CT of MILLER's head revealed

25   a moderate sized right parietal subgaleal hematoma and midoccipital subgaleal hematoma. In

26   spite of these findings, DR. ALEX CHYORNY, a general practitioner internist, opined that

27   MILLER was "malingering". There is no evidence that DR. CHYORNY consulted with a

28   neurologist or that he considered MILLER's epilepsy in making this diagnosis.

18.     MILLER was returned to SANTA CLARA COUNTY JAIL where he continued to suffer dizziness, nausea, headaches, back pain and numbness in his lower extremities as a result of his grand mal seizure.  He was unable to bear his weight or raise himself up to lay on his bed. MILLER's condition rendered him unable to lift himself from the floor to the toilet so he could not use the toilet and was forced to foul himself and then lay in his own waste.

19.     SANTA CLARA COUNTY JAIL personnel failed to provide MILLER with a wheelchair or diapers in spite of MILLER's requests and the obvious and apparent need for them. As a result of Defendants' deliberate indifference to MILLER's medical condition and failure to provide even minimally adequate care for same, MILLER's condition worsened such that he has lost approximately 100 pounds of body weight while incarcerated in the SANTA CLARA COUNTY JAIL.

20.     MILLER was repeatedly ordered to stand even though his medical condition rendered him unable to do so.  As a result, MILLER has been cited for infractions, handcuffed with his hands behind his back connected to chains securing his feet and then dragged out of his cell with his arms lifted high behind his back.

21.     On June 26, 2014, MILLER continued to suffer from weakness in his lower extremities such that he was unable to stand, walk or even raise himself onto the toilet.  Although jail personnel were aware of MILLER's condition, Deputy Officers PEARCE, CHETCUTI, DIAS and MADRIZ ordered MILLER, who was prone on the cell floor, to stand and gather his belongs so he could be moved to another cell.  When MILLER failed to rise because he was unable to do so, Officers PEARCE and DIAS applied twist locks on his hands and arms and raised him up and into a wheelchair, causing MILLER to scream in pain.

22.     MILLER was subsequently taken to a new cell in a wheelchair by Officers PEARCE, CHETCUTI, DIAS and MADRIZ.   Although restrained with waist chains and leg shackles, MILLER was again ordered to stand and walk.  The jail personnel were aware of MILLER's inability to stand and walk.  When MILLER failed to stand and walk as ordered, MILLER was again lifted by his chained arms and placed face down on the floor of his cell.

23.     Because MILLER could not walk and SANTA CLARA COUNTY JAIL personnel

1   refused to provide a wheelchair to transport him for meetings with counsel, MILLER was

2   prevented from access to counsel. In addition to MILLER's requests that his medical condition

3   be accommodated through the provision of a wheelchair, diapers and other appropriate medical

4   intervention, his counsel, J. Hector Moreno, Jr. made similar requests and offered to provide a

5   wheelchair or, alternately, meet with MILLER in his cell. SANTA CLARA COUNTY JAIL

6   personnel continued to disregard MILLER's requests for accommodation, denying him access to

7   a wheelchair or to meet with counsel in his cell - effectively denying him access to counsel.

8       24.    On the afternoon of July 17, 2014, MILLER's counsel sent a letter via email

9   transmission to SANTA CLARA COUNTY COUNSEL CHERYL A. STEVENS requesting

10   MILLER be provided with wheelchair assistance to access counsel and attend hearings. An hour

11   later and in apparent retaliation for counsel's letter, MILLER was again restrained and pepper

12   sprayed for failing to obey Officer J. CHACON's order to stand against the wall with his hands

13   behind his back to allow officers to conduct a window and bar check. At the time of this incident,

14   MILLER was found lying on the cell floor in his own urine and feces because he was unable to

15   raise himself up to use the toilet. Again, MILLER told jail personnel he was unable to stand.

16   When MILLER failed to stand as ordered, he was sprayed two times in the face with pepper

17   spray.

18       25.    MILLER was handcuffed with his hands behind his back connected to chains

19   securing his feet and placed on a restraint chair by his arms lifted high behind his back. MILLER

20   was subsequently taken to the sun deck, doused with water, and left to dry. In addition to

21   SANTA CLARA COUNTY JAIL personnel, SGT. DURAN, Deputy Officers J. CHACON,

22   VASQUEZ, and TEMPRA, the abuse of MILLER was witnessed and implicitly ratified by

23   COUNTY COUNSEL CHERYL A. STEVENS. Instead of any acknowledgement and

24   accommodation for his medical condition, MILLER was cited by Deputy Officer J. CHACON for

25   disobeying a verbal order, failure to follow sanitation regulations, and failure to wear an

26   identification band.

27       26.    On August 4, 2014, MILLER had a medical appointment. When MILLER was

28   unable to stand as ordered for transport, Officers T. GONZALES, ANTHONY DIAZ, and E.

1    TOBOLA, under the direction of SGT. JENSEN, again shackled MILLER's hands behind his

2    back and lifted him by his arms into a wheelchair.

3         27.    On January 3, 2015, MILLER was sleeping on the floor of his cell when Officer

4    TEJEDA entered the cell for a "welfare" check.  Officer TEJEDA kicked MILLER on his back

5    near his kidneys with sufficient force to cause MILLER's head to slam against the concrete wall.

6    Subsequently, MILLER informed medical personnel at the JAIL that he saw blood in his urine as

7    a result of TEJEDA's kick to his kidneys.  MILLER's urine tested positive for blood twice,

8    indicating the injury to his kidneys was so substantial as to require further evaluation, but

9    MILLER was not taken to a medical facility where it could be determined if his kidneys were

10   lacerated.

11        Plaintiffs have complied with the notice requirements of the Tort Claims Act.

12                              **FIRST CAUSE OF ACTION**

13                                  **(42 U.S.C. 1983)**

14        (Violations of the Fourteenth, Eighth, and Sixth Amendments to the United States
                                        Constitution)

15        28.    Plaintiffs plead and incorporate the allegations set forth in paragraphs 1-27 of the

16   Complaint as if specifically set forth therein.

17        29.    Following his tonic-clonic seizure on March 26, 2014, MILLER directly and

18   repeatedly informed Defendant correctional and medical personnel that he suffered from epilepsy;

19   that he experienced a seizure; and, that he was unable to walk, stand, or raise himself up onto his

20   bed or to use the toilet.  Defendants knew, or should have known, that MILLER's epilepsy and

21   his obvious weakened condition following his seizure, required medical accommodations.

22        30.    By their actions described herein, Defendants, under color of statute, ordinance,

23   regulation, custom or usage, subjected MILLER to the deprivation of rights, privileges, or

24   immunities secured by the Constitution, federal, state and county laws and regulations.

25        31.    Specifically, Defendants knew MILLER faced a substantial risk of serious harm

26   and, in fact experienced serious harm, as a result of his medical condition following his seizure.

27   Defendants recklessly, wantonly and maliciously denied MILLER access to necessary medical

28

                                         7

                                    COMPLAINT

1    evaluation, treatment, and assistive devices as well as denied him reasonable accommodation for

2    his medical condition.

3         32.    Defendants denied MILLER the right to be free from unwarranted, unjustified and

4    excessive use of force by inflicting physical punishment upon him when he failed to obey orders

5    to stand and walk or to obey sanitation regulations when he was physically unable to do so

6    because of his epilepsy.  By this same conduct, Defendants effectively denied MILLER assistance

7    of counsel by refusing to allow him access to a wheelchair to transport him to meetings with

8    counsel and refusing to allow counsel to visit MILLER in his cell.

9         33.    Defendants repeatedly and knowingly failed to enforce the laws of the State of

10   California and the regulations of the COUNTY OF SANTA CLARA and the SANTA CLARA

11   COUNTY JAIL.   Defendants were, or should have been, aware of such unlawful acts, policies,

12   and practices, prior to and during the course of MILLER's incarceration.

13        34.    Defendants COUNTY OF SANTA CLARA, SANTA CLARA SHERIFF'S

14   DEPARTMENT and SHERIFF LAURIE SMITH  are directly liable and responsible for the acts

15   of the agents and employees of Defendants because they repeatedly and knowingly failed to

16   enforce the laws of the State of California, laws of the United States, and the regulations of the

17   COUNTY OF SANTA CLARA and the SANTA CLARA COUNTY JAIL pertaining to

18   provision of medical care to inmates, reasonable accommodation for disabilities, inmates right to

19   access to counsel, and the use of force against inmates.

20        35.    Defendants' conduct was intentional and was done with the aim of causing

21   MILLER extreme and outrageous physical and mental distress, or with the reckless disregard of

22   such result.  As a result, MILLER sustained injuries and damages as hereinbefore and hereinafter

23   set forth.

24        36.    As a direct and legal result of the acts and omissions of Defendants MILLER has

25   suffered damages, including, without limitation, past, present and future serious and permanent

26   personal injuries, mental suffering, loss of earnings and earnings capacity, loss of enjoyment of

27   life, pain and suffering, emotional distress, medical care and expenses, attorneys' fees, costs of

28   suit, and other pecuniary losses not yet ascertained.  MILLER has suffered damages in an amount

8

COMPLAINT

1    in excess of Seventy-Five Thousand Dollars ($75,000.00).

2        37.    Plaintiffs claim attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988.

3                          **SECOND CAUSE OF ACTION**

4              **(Negligent Hiring, Retention, Training, and Supervision)**
         **Against Defendants SANTA CLARA VALLEY MEDICAL CENTER, SANTA CLARA**
5              **COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SANTA CLARA**

6        38.    Plaintiffs plead and incorporate each and every allegation in paragraphs 1-37.

7        39.    Defendants COUNTY OF SANTA CLARA, SANTA CLARA COUNTY

8    SHERIFF'S DEPARTMENT, and SANTA CLARA VALLEY MEDICAL CENTER had a duty

9    to Plaintiffs to exercise due care in the hiring, selection, training, supervision, oversight, direction,

10   retention and control of employees and agents retained by them as medical personnel and

11   correctional officers, including to insure their compliance with California Government Code §

12   845.6, and § 815.2.

13       40.    Defendants COUNTY OF SANTA CLARA, SANTA CLARA COUNTY

14   SHERIFF'S DEPARTMENT, and SANTA CLARA VALLEY MEDICAL CENTER had a duty

15   to Plaintiffs to properly train and/or supervise its agents and employees in furnishing or obtaining

16   medical care for MILLER when they knew, or had reason to know, that Plaintiff was in need of

17   immediate medical care and accommodation of his disabling epilepsy and they are also

18   individually responsible pursuant to Government Code §855.8 and § 856.

19       41.    Defendants breached their duties to the Plaintiffs through their negligent, grossly

20   negligent, reckless and/or intentional conduct in violation of Plaintiffs' rights, including

21   California Government Code § 845.6, for negligence in failing properly train, supervise, furnish

22   and/or obtain medical care and accommodation for MILLER when Defendants knew, or had

23   reason to know, that MILLER was in need of immediate medical care and accommodation for his

24   disabling epilepsy.

25       42.    Defendants had knowledge, or should have had knowledge, and had actual,

26   implied or constructive notice of the tortious nonfeasance leading up to acts of Defendant Adult

27   Custody Health Services Physician, DR. ALEX CHYORNY, SHERIFF LAURIE SMITH, and

28

                                    9

1    Deputy Officers SGT. MATTHEW TRACY, SGT. J. JENSEN, SGT. DURAN,

2    DEPUTY/OFFICERS J. CHACON, TEJEDA, ANTHONY DIAZ, T. GONZALES, EUGENE

3    TOBOLA, VASQUEZ, TEMPRA, PEARCE, CHETCUTI, DIAS and MADRIZ as well as DOE

4    correctional and medical employees.

5         43.    Defendants had the power to take reasonable steps to prevent or aid in the

6    prevention of the said tortious actions or inactions and, in the exercise of due diligence, said

7    Defendants would have taken reasonable preventative action.

8         44.    That as a direct and proximate result of the breach of duty, Plaintiffs were caused

9    to suffer damages, including, without limitation, past, present and future serious and permanent

10   personal injuries, mental suffering, loss of earnings and earnings capacity, loss of enjoyment of

11   life, pain and suffering, emotional distress, medical care and expenses, attorneys' fees, costs of

12   suit, other pecuniary losses not yet ascertained, and Plaintiff has suffered damages in an amount

13   in excess of Seventy-Five Thousand Dollars ($75,000.00).

14        45.    Plaintiffs claim attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988.

15                          **THIRD CAUSE OF ACTION**

16               **(Violation of the Americans with Disabilities Act)**

17        46.    Plaintiffs plead and incorporate each and every allegation in paragraphs 1-45.

18        47.    Defendants' conduct described herein, including, but not limited to, inflicting

19   physical punishment upon MILLER when he failed to obey orders to stand and walk or to obey

20   sanitation regulations when he was physically unable to do so because of his epilepsy and their

21   repeated failure to provide necessary medical evaluation, treatment and assistive devices violates

22   the prohibition against discrimination based on disability found in the ADA and the Unruh Civil

23   Rights Act

24        48.    As a direct result of Defendants violations of the ADA the Unruh Civil Rights Act,

25   MILLER has suffered and continues to suffer injuries to his person, pain, humiliation, anxiety,

26   mental anguish, and emotional distress in an amount in excess of Seventy-Five Thousand Dollars

27   ($75,000.00).

28        ///

COMPLAINT

**FOURTH CAUSE OF ACTION**

**(Assault)**

49.     Plaintiffs plead and incorporate each and every allegation in paragraphs 1-48.

50.     Defendants' willful and intentional conduct described herein, including, but not limited to, inflicting physical punishment upon MILLER during "welfare" checks and when he failed to obey orders to stand and walk or to obey sanitation regulations when he was physically unable to do so because of his epilepsy created a reasonable apprehension by MILLER of an immediate, offensive, contact with his person.

51.     As a direct result of Defendants' conduct as described herein, MILLER sustained actual damages including injuries to his person, pain, severe and grievous mental and emotional suffering, humiliation, shame, embarrassment, worry, fear, anguish, shock, nervousness, and anxiety in an amount to be ascertained according to proof at trial.

52.     Said conduct by Defendants was malicious, deliberate, intentional and done with the knowledge of, or conscious disregard of, the harm that would be and was inflicted on MILLER.  As a result of said intentional conduct, MILLER is entitled to punitive damages.

**FIFTH CAUSE OF ACTION**

**(Battery)**

53.     Plaintiffs plead and incorporate each and every allegation in paragraphs 1-52.

54.     Defendants' willful and intentional conduct described herein, including, but not limited to, inflicting physical punishment upon MILLER during "welfare" checks and when he failed to obey orders to stand and walk or to obey sanitation regulations when he was physically unable to do so because of his epilepsy constitutes harmful and offensive contact with MILLER's person.

55.     As a direct result of Defendants' conduct as described herein, MILLER sustained actual damages including injuries to his person, pain, severe and grievous mental and emotional suffering, humiliation, shame, embarrassment, worry, fear, anguish, shock, nervousness, and anxiety in an amount to be ascertained according to proof at trial.

11

COMPLAINT

56.   Said conduct by Defendants was malicious, deliberate, intentional and done with the knowledge of, or conscious disregard of, the harm that would be and was inflicted on MILLER.  As a result of said intentional conduct, MILLER is entitled to punitive damages.

### SIXTH CAUSE OF ACTION

### (Negligence)

57.   Plaintiffs plead and incorporate each and every allegation in paragraphs 1-56.

58.   Defendants had a duty to Plaintiffs to prevent foreseeable risks to foreseeable people, including the Plaintiffs.  Defendants failed to provide reasonable medical care pursuant to California Government Code § 845.6  for prisoners and further negligent violations of §815.2 regarding injuries by an employee within the scope of employment which acts were not discretionary and against individual Defendants in violation of California Government Codes § 855.8 and § 856.

59.   Defendants having personal knowledge and reason to know that MILLER required immediate medical care and reasonable accommodation for his disability had a duty to MILLER pursuant to California Government Code § 845.6 to provide immediate medical care and reasonable accommodation for his disability to MILLER.

60.   Defendants breached their duty.

61.   Defendants' conduct as described above is also in violation of California Government Code § 845.6, for depriving MILLER of immediate medical care and reasonable accommodation for his disability despite Defendants' having personal knowledge and reason to know MILLER required immediate medical care and reasonable accommodation.  Defendants' failure to reasonably provide said care and accommodation resulted in MILLER's serious and permanent physical injuries and Plaintiffs' emotional distress.

62.   As a direct and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiffs has suffered damages, including, without limitation, past, present and future serious and permanent personal injuries, mental suffering, loss of earnings and earnings capacity, loss of enjoyment of life, pain and suffering, emotional distress, medical care and expenses, attorneys' fees, costs of suit, the loss of the love, affection, society and companionship

1   of family and friends, other pecuniary losses not yet ascertained, and Plaintiff has suffered

2   damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

### SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

63.   Plaintiffs plead and incorporate each and every allegation in paragraphs 1-62.

64.   Defendants' conduct as described herein was extreme and outrageous such as to shock the conscience and to exceed that usually tolerated in a civilized community.

65.   Defendants intended to cause Plaintiffs severe emotional distress or acted with reckless disregard of the probability that Plaintiffs would suffer severe emotional distress.

66.   Defendants' conduct was a substantial factor in causing Plaintiffs severe emotional distress.

### PRAYER

WHEREFORE, Plaintiffs demand Judgment in their favor against the Defendants, jointly and severally, as follows:

1.   Compensatory damages in a sum in excess of $75,000.00;

2.   Costs and disbursements of this action, including attorney's fees;

3.   Special damages according to proof and in excess of the sum of $75,000.00;

4.   Punitive damages according to proof; and

5.   For such other and further relief as to the Court may seem just and equitable

Dated:  July 6, 2015

_Cindy C. Miller_
_____
Cindy C. Miller
Plaintiff In Pro Se
Attorney In Fact for
Plaintiff SHANE D. MILLER

13

COMPLAINT