1 | JAMES R. WILLIAMS, County Counsel (S.B. #271253)
STEPHEN H. SCHMID, Deputy County Counsel (S.B. #078055)
2 | OFFICE OF THE COUNTY COUNSEL
3 | 70 West Hedding Street, East Wing, Ninth Floor
San Jose, California 95110-1770
4 | Telephone: (408) 299-5900
Facsimile: (408) 292-7240
5 |
6 | Blake P. Loebs (SBN: 145790)
bloebs@meyersnave.com
7 | David Mehretu (SBN: 269398)
dmehretu@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
8 | 555 12th Street, Suite 1500
Oakland, California 94607
9 | Telephone: (510) 808-2000
Facsimile: (510) 444-1108
10 |
Attorneys for Defendants
11 | COUNTY OF SANTA CLARA (Incorrectly Sued
as Santa Clara County Sheriff's Office, Santa Clara
12 | County Jail, and Santa Clara County Valley
Medical Center); SHERIFF LAURIE SMITH; DR.
13 | ALEXANDER CHYORNY; CHERYL A.
STEVENS; SERGEANT J. JENSEN; SERGEANT
14 | MATTHEW TRACY; SERGEANT THOMAS
DURAN; RYAN REYES; ORLANDUS
15 | NEEDHAM; ANTHONY DIAZ; THOMAS
GONZALES; EUGENE TOBOLA; and MIGUEL
16 | CORTES

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| SHANE D. MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No. 15-CV-03113-EJD<br><br>**UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Judge:   Hon. Edward J. Davila<br>Date:    November 10, 2016<br>Time:    10:00 a.m.<br>Crtrm.:  4, 5th Floor<br><br>Trial Date:    None Set |

15-CV-03113-EJD

UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1    The parties submit this updated Joint Case Management Statement ("Updated CMC
2 Statement") in anticipation of the Case Management Conference with the Court, set for November
3 10, 2016.
4    The Updated CMC Statement addresses items in the Court's August 18, 2016 Case
5 Management Order (Dkt. 116) ("CMC Order") that remained unresolved at the conclusion of the
6 prior CMC held on October 20, 2016.  For the Court's convenience, the numbered paragraphs
7 below correspond to the numbered paragraphs in the CMC Order.
8 **1.    Regarding Paragraph 1 of the CMC Order**
9    Pursuant to the CMC Order, "Defendants' obligation to respond the Third Amended
10 Complaint (Dkt. No. 115) is STAYED pending notification from Plaintiff that he does not intend
11 to pursue leave to file a subsequent amended complaint.  Upon receiving such notice, Plaintiff and
12 Defendants shall meet and confer and file a stipulation and proposed order designating the date by
13 which Defendants shall respond to the Third Amended Complaint."  (CMC Order.)
14    Plaintiff has not notified Defendants as to whether he will file a fourth amended complaint.
15 Defendants, therefore, understand that their obligation to file a response to the Third Amended
16 Complaint continues to be stayed.
17 **2.    Regarding Paragraph 2 of the CMC Order**
18    After being ordered by the Court to do so on two occasions, Plaintiff finally disclosed to
19 Defendants, on October 24, 2016, the names of 14 doctors who have allegedly treated and/or
20 diagnosed Mr. Miller concerning quadriplegia.  On October 26, 2016, counsel for Defendants
21 requested that Plaintiff provide authorization to release the medical records held by these doctors,
22 and provided counsel with a HIPAA authorization form.  Counsel for Defendants followed up on
23 this request with another email on October 31, 2016.  Counsel for Plaintiff has represented that he
24 requested that Mr. Miller provide such authorization, but that thus far, Mr. Miller has refused to
25 provide authorization to release any medical information.  It is Defendants' position that obtaining
26 any medical information these doctors maintain for Mr. Miller is the primary purpose for seeking
27 disclosure of the doctor names in the first place, including because such information will be
28 necessary for any doctor conducting an IME.  It is, therefore, Defendants' position that Plaintiff's

UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1 failure to authorize release of the relevant medical records is unjustified.

2       After being ordered by the Court to do so on two occasions, Plaintiff finally provided
3 Defendants' counsel, on October 24, 2016, with the name of the nurse who has allegedly been
4 attending to Plaintiff's daily needs.  On October 26, 2016, counsel for Defendants requested that
5 Plaintiff provide authorization to release the medical records held by Mr. Miller's doctors and
6 nurse, and provided counsel with a HIPAA authorization for release form.  Counsel for
7 Defendants followed up on this request with another email on October 31, 2016.  Counsel for
8 Plaintiff has represented that he requested that Mr. Miller provide such authorization, but that thus
9 far, Mr. Miller has refused to provide authorization to release any medical information.  This
10 information – as with all information concerning Plaintiff's medical condition – remains critically
11 important to Defendants.

12 **3.**     **Regarding Paragraph 3 of the CMC Order**

13     *IME Doctor and Protocol*:  On November 1, 2016, counsel for Defendants emailed
14 counsel for Plaintiff the names, contact information and resumes of 3 highly-experienced and
15 reputable Bay Area medical doctors (neurologists), any one of whom Defendants would be
16 amenable to retaining to conduct an IME for Mr. Miller in this case.  The doctors provided to
17 Plaintiff are listed on **Exhibit A**.  Counsel for Plaintiff has represented that he provided Plaintiff
18 with these names, and that Plaintiff is considering them and/or attempting to identify additional
19 prospects for consideration.  Plaintiff's counsel expects to have further information on Plaintiff's
20 position as to the proposed doctors by the next CMC.

21     *Nebraska Medical Records*:  On October 21, 2016, counsel for Defendants provided
22 counsel for Plaintiff with the name and contact information of the Nebraska correctional facilities'
23 General Counsel, Julie D. Smith, for purposes of providing her with authorization to release Mr.
24 Miller's medical records in their possession.  On October 25,  26, and 31, 2016, counsel for
25 Defendants followed-up with counsel for Plaintiff as to the status of the release for the Nebraska
26 correctional facility medical records.  Counsel for Plaintiff has represented that he requested that
27 Mr. Miller provide such authorization, but that, thus far, Mr. Miller has refused to provide
28 authorization to release any medical information.  It is Defendants' position that this information

1  remains critical, and the failure of Plaintiff to authorize its release – despite having had since
2  August 18, 2016 (two and a half months) to do so –  is unjustified.
3    *Inspection of Corvette*:  As disclosed in the prior CMC, Mr. Miller, or his mother, sold the
4  Corvette that Defendants sought to have inspected, an inspection countenanced by the Court in the
5  Court's August 18, 2016 CMC Order (Dkt. 116).  The Corvette was sold, however, on September
6  17, 2016 – *after* the CMC Order.  On October 24, 2016, Plaintiff's counsel provided counsel for
7  Defendants with a California DMV Vehicle Transfer and Reassignment Form for the Corvette.
8  The "box" for providing the telephone number for the buyer was left blank.  In order to facilitate
9  contacting the buyer, counsel for Defendants requested the buyer's telephone number on October
10 27, 2016, and sent reminder requests for this information on October 31, 2016.  Counsel for
11 Plaintiff represented to counsel for Defendants on November 3, 2016 that Mr. Miller no longer has
12 access to the buyer's telephone number.  Defendants intend to attempt to contact the buyer via
13 mail.  Defendants, however, reserve all rights, objections, and arguments concerning spoliation,
14 admissibility, and sanctions related to the Corvette and Plaintiff's sale subsequent to the CMC
15 Order.
16
17
18
19
20
21
22
23
24
25
26
27
28

1  DATED: November 3, 2016          Respectfully submitted,

2                                   MEYERS, NAVE, RIBACK, SILVER & WILSON

3

4
                                    By:      /s/ David Mehretu
5                                         David Mehretu
                                          Attorneys for Defendants COUNTY OF SANTA
6                                         CLARA (Incorrectly Sued as Santa Clara County
                                          Sheriff's Office, Santa Clara County Jail, and
7                                         Santa Clara County Valley Medical Center);
                                          SHERIFF LAURIE SMITH; DR.ALEXANDER
8                                         CHYORNY; CHERYL A.STEVENS;
                                          SERGEANT J. JENSEN; SERGEANT
9                                         MATTHEW TRACY; SERGEANT THOMAS
                                          DURAN; RYAN REYES; ORLANDUS
10                                        NEEDHAM; ANTHONY DIAZ; THOMAS
                                          GONZALES; EUGENE TOBOLA; and MIGUEL
11                                        CORTES
12

13

14
    DATED: November 3, 2016          Respectfully submitted,
15
                                     THE LAW FIRM OF J. HECTOR MORENO, JR. &
16                                   ASSOCIATES

17

18
                                     By:      /s/ J. Michael Sean Onderick
19                                         J Michael Sean Onderick
                                           Attorneys for Plaintiff, SHANE D. MILLER
20

21

22

23  2725457.1

24

25

26

27

28